**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4008-17T1

KEVIN QUINONES,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted September 24, 2019 – Decided October 9, 2019

Before Judges Currier and Firko.

On appeal from the New Jersey State Parole Board.

Shanahan & Voigt, LLC, attorneys for appellant (Brian Michael Gilbert, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kevin Quinones appeals from the final administrative decision of the New Jersey Parole Board (Board), revoking his mandatory supervision status and setting a thirteen-month parole future eligibility term (FET). We affirm.

After pleading guilty to carjacking, eluding law enforcement and terroristic threats, appellant was sentenced to ten years imprisonment and a five-year period of mandatory supervision after release. Appellant was released from prison in June 2016 and he began his period of parole supervision. The conditions of parole included living at a residence approved by an assigned parole officer and obtaining permission to change that residence before doing so, refraining from the use of any drugs or alcohol, and successfully completing a drug counselling program.

Appellant failed to comply with the stated conditions. He was discharged from the Community Resource Center in August 2016 after he failed to complete numerous workshops and missed multiple days of classes. He also tested positive for marijuana. Appellant was referred to a second counselling center but he reported late on each drug screening date, avoiding the drug screen. He tested positive for alcohol on the intake screening. Appellant was discharged from that program in October 2016.

When the parole officer came to appellant's approved residence on several occasions, appellant's sister told the officer that appellant did not live there. Appellant also failed to report to his parole officer on two required occasions in October. During this time, appellant sent several texts to his parole officer taunting her inability to locate him. Because of the multiple violations of the parole conditions, an arrest warrant was issued, and subsequently executed in November 2016. Appellant was taken into custody.

After appellant was served with a Notice of Probable Cause (Notice) hearing, he requested several adjournments of the hearing initially to retain counsel and, thereafter, for the appointment of counsel. He also requested several additional copies of the Notice.

When the hearing took place in July 2017, appellant was represented by counsel, and he waived the probable cause hearing. During the final parole revocation hearing, the parole officer recommended the revocation of parole due to appellant's violation of multiple conditions. Appellant provided testimony as to why he was not living in the approved residence. He admitted to smoking pot and drinking alcohol, each on one occasion.

The hearing officer found the parole officer credible and, concluding that the violations were serious and persistent, he recommended the revocation of

3

parole. He found appellant violated five conditions of mandatory supervision during the four months he was on parole.

A two-member Board panel reviewed the record and decision, and agreed with the recommendation. The panel imposed a thirteen-month FET. After an administrative appeal, the full Board issued a final agency decision on March 28, 2018, affirming the revocation of mandatory supervision and the establishment of the FET. The Board found "clear and convincing evidence exists that [appellant] has seriously and persistently violated the conditions of mandatory supervision and that revocation is desirable."

On appeal, appellant argues that the Board failed to prove by clear and convincing evidence that any of his parole violations were serious or persistent, and the Board erred in relying upon appellant's past criminal and parole history as evidence that the alleged violations were serious and persistent.

Our standard of review of administrative decisions by the Board is limited and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200, modified, 167 N.J. 619 (2001). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 10 (1979)). "To a

A-4008-17T1

greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid. (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)).

Consequently, our courts "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. With respect to the Board's factual findings, we do not disturb them if they "could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 172 (quoting Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998)) (internal quotation marks omitted).

Appellant's sentence included a term of parole supervision. Therefore, after he was released, his status was "subject to the provisions and conditions set by the appropriate [B]oard panel." N.J.S.A. 30:4-123.51b(a). The statute also gives the Board authority "to revoke the person's release status and return the person to custody for the remainder of the term or until it is determined, in accordance with regulations adopted by the [B]oard, that the person is again eligible for release . . . ." Ibid.

The Board must exercise its authority to revoke release status "in accordance with the procedures and standards" codified in N.J.S.A. 30:4-123.59

to -123.65.  Ibid.; see Hobson v. New Jersey State Parole Bd., 435 N.J. Super. 377, 382 (2014).  Revocation of parole requires proof of clear and convincing evidence that the person "has seriously or persistently violated the conditions," N.J.S.A. 30:4-123.60(b) and N.J.S.A. 30:4-123.63(d), or that the person has been "convicted of a crime" while released, N.J.S.A. 30:4-123.60(c); see also N.J.A.C. 10A:71-7.12(c)(1) and (2).

We are unpersuaded by appellant's argument that the Board failed to show by clear and convincing evidence that his parole violations were serious or persistent.  Appellant's parole officer documented multiple visits to appellant's approved residence.  Appellant was not present at any of those times. Appellant's sister advised the officer that appellant did not live there.

During the hearing, appellant stated he did not get along with his sister and so he sometimes slept in the hall or basement.  Appellant did not provide his parole officer with this information despite knowing the officer had stopped by the residence multiple times to check on him.  Furthermore, the hearing officer noted appellant left that residence permanently on October 10, 2016 when his whereabouts became unknown.  We are satisfied the Board demonstrated appellant seriously or persistently violated the requirement to reside at the approved residence.

A-4008-17T1

Appellant also failed to complete a drug counselling program. The provided documentation confirmed he was discharged from two programs for non-attendance and non-compliance with screening and programming. He also tested positive for drug and alcohol use while on parole.

There was adequate evidence for the hearing officer, two-member Board panel and the full Board to find by clear and convincing evidence that appellant seriously or persistently violated several conditions of his parole.

We turn next to appellant's argument that the Board improperly relied on his past juvenile parole history in reaching its decision. Although the hearing officer referred to appellant's juvenile record in his hearing summary, it is not mentioned in the section entitled "Summary of Evidence Relied On/Findings of Fact." There, the hearing officer refers only to the evidence in the record supporting his findings of multiple violations. Appellant's record was properly considered by the Board in establishing the thirteen-month FET. See N.J.A.C. 10A:71-7.17(e).

The Board's decision is neither arbitrary nor unreasonable, but rather is supported by the credible evidence. Its decision to revoke parole and set a thirteen-month FET is consistent with applicable law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4008-17T1